United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 06-30202
Summary Calendar

PEGGY HEBERT,

Plaintiff–Appellant,

versus

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Plaintiff-Appellant Peggy Hebert ("Hebert") appeals the district court's judgment affirming

the administrative law judge's ("ALJ") denial of benefits because Hebert's medical conditions were

not disabilities for purposes of the Social Security Act. For the following reasons, we affirm the

judgment of the district court.

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that Hebert has a history of assorted medical conditions. In October 2001, Hebert went to University Medical Center complaining of headaches, dizziness, chronic obstructive pulmonary disease, chronic bronchitis, and asthma. Because tests did not reveal any abnormalities, a doctor told Hebert to continue her medications and quit smoking. In November 2001, a bilateral carotid duplex ultrasound revealed that she had "mild atherosclerotic disease bilaterally"; medical tests conducted later that month did not indicate abnormalities with Hebert's left shoulder, but did show that she had degenerative disc disease of cervical vertebras 3-7. In April 2002, Hebert was again advised to quit smoking after doctors at the hospital emergency room diagnosed her with gastroesophageal reflux disease, tobacco abuse, bronchitis, and arthralgia. An x-ray of her left knee taken at the same time came back normal. On May 4, 2002, Hebert went to Dr. Michael Leddy complaining of "global body pain"; Leddy, however, noted that Hebert's "pain was 'out of proportion to her physical exam'" and that there was no evidence of spasms or neurological defects. In June 2002, Hebert returned to University Medical Center seeking continued treatment for hypertension, chronic headaches, and hyperlipidemia. Doctors again instructed her to take her medication, including non-steroid anti-inflammatories, and to stop smoking. On October 8, 2002, Hebert complained of respiratory problems and doctors diagnosed her with asthma. On April 26, 2003, Dr. John Canterbury met with Hebert regarding her complaints of chronic back pain. Canterbury ultimately determined that Hebert could ambulate, sit, stand, walk, and lift objects up to ten pounds; he also concluded that Hebert had shortness of breath and pains that had developed within the last

2

year in her right knee and elbows. He told her to quit smoking. On October 28, 2003, Hebert had her right knee x-rayed again; the x-ray showed moderate degenerative changes with spurring.

As a result of these medical ailments, Hebert filed an application for Title XVI supplemental security income benefits on March 5, 2002, alleging disability since June 1, 1998, due to pain in her back, arm, leg, and hand. Hebert testified that she had not worked for five or six months and that she was terminated from her most recent job because her respiratory problems prevented her from working. Furthermore, she testified that she takes asthma medication, but has not quit smoking.

After considering the evidence, the ALJ issued a decision on March 18, 2004, finding that Hebert was not under a disability as defined in the Social Security Act. Specifically, the ALJ found that Hebert did not satisfy the definition of "disability" because her medical impairments did not meet or medically equal one of the listed impairments available under the Social Security Act and Hebert retained the ability to perform light work, as long as she avoided fumes, chemicals and smoke. Accordingly, the ALJ denied her application. The decision became the final administrative decision of the United States Commissioner of the Social Security Administration ("Commissioner") when the appeals council denied Hebert's request for review on July 2, 2004.

On September 8, 2004, Hebert filed a complaint in the United States District Court for the Western District of Louisiana. On December 15, 2005, the district court affirmed the Commissioner's final administrative decision. From that judgment, Hebert timely appeals to this court.

## II. DISCUSSION

Hebert asks this court to consider (1) whether the ALJ improperly rejected a state agency medical consultant's opinion that she should avoid all exposure to fumes, odors, dusts, gases, poor

ventilation, etc; and (2) whether the ALJ improperly rejected the opinion of Dr. Canterbury, as a one-time consultative examiner. We are restricted, however, under 42 U.S.C. § 405(g) to determine in this appeal: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*. We cannot, however, reweigh individual pieces of evidence in the record, as Hebert requests. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).

To determine whether Hebert is disabled or capable of performing substantial gainful activity, the ALJ applied the following test:

> 1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.
>
> 2. A person who does not have a "severe impairment" will not be found to be disabled.
>
> 3. A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.
>
> 4. If a person can still perform his past work, he is not disabled.
>
> 5. If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*See* 20 C.F.R § 404.1520(b)-(f). Ultimately, the ALJ determined that though Hebert suffers from severe impairments, including osteoarthritis, obesity, asthma, chronic obstructive pulmonary disease, and shortness of breath, she is not disabled because the record reveals she retains the residual

4

functional capacity to perform a limited range of light work. The ALJ stated, for example, that her residual functional capacity, as evidenced on the face of her medical records, would allow Hebert to return to her past work as a cashier. We agree.

We hold that the district court did not err in affirming the ALJ's determination regarding Hebert's medical condition. Furthermore, Hebert's refusal to follow her doctor's instructions to stop smoking and her inability to provide a "good reason" for not doing so further renders her ailments non-disabling. *See Johnson*, 864 F.2d at 348 (holding that an impairment that can be remedied or treated by medication will not be considered a disability); *see also* 20 C.F.R. § 416.930 (explaining that a patient who does not follow treatment prescribed by a physician will not receive benefits if this treatment would allow the patient to return to work.); 20 C.F.R. § 404.1530(b) (stating that if a patient fails to provide a good reason for not following prescribed treatment, that patient will to be deemed disabled and will not receive benefits.). Therefore, we conclude that the decision denying benefits to Hebert was supported by substantial evidence in the record, such that a reasonable mind might accept as adequate to support the conclusion reached in this case. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.